UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| QUICKSILVER AIR, INC., RICHARD C. SWISHER and SHARON SWISHER,<br><br>Plaintiffs,<br><br>vs.<br><br>HELICOPTER ENGINE REPAIR OVERHAUL SERVICES, INC. t/a H.E.R.O.S., INC., THE TIMKEN COMPANY, ROLLS-ROYCE CORPPORATION,<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:cv-12-06-REB<br><br><br><br><br><br>**PROTECTIVE ORDER** |
| CRAIG WHITE and BETHANY WHITE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>QUICKSILVER AIR, INC., an Alaska Corporation; THE TIMKEN COMPANY, an Ohio Corporation, doing business as TIMKEN ALCOR AEROSPACE TECHNOLOGIES, INC., a foreign Arizona Company; H.E.R.O.S., INC., a California Corporation; ARROW AVIATION, LLC, a Louisiana Limited Liability Company; 11 AEROSPACE LLC, an Arizona Limited Liability Company, doing business as ASI SERVICES; RICHARD C. SWISHER; JOHN OR JANE DOES 1-X; DOE CORPORATIONS, XI-XX<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:cv-12-366-REB |

**PROTECTIVE ORDER - P. 1**

| | |
|---|---|
| GEORGE PAULEY,                )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>vs.                                         )<br>                                              )<br>QUICKSILVER AIR, INC., an Alaska )<br>Corporation; THE TIMKEN COMPANY, )<br>an Ohio Corporation, doing business as )<br>TIMKEN ALCOR AEROSPACE )<br>TECHNOLOGIES, INC., a foreign )<br>Arizona Company; H.E.R.O.S., INC., a )<br>California Corporation; ARROW )<br>AVIATION, LLC, a Louisiana Limited )<br>Liability Company; 11 AEROSPACE LLC, )<br>an Arizona Limited Liability Company, )<br>doing business as ASI SERVICES; )<br>RICHARD C. SWISHER; JOHN OR )<br>JANE DOES 1-X; DOE )<br>CORPORATIONS, XI-XX )<br>                                              )<br>            Defendants.         ) | Case No. 3:cv-12-367-REB |

## PROTECTIVE ORDER

Plaintiff Quicksilver Air, Inc. has requested certain business and other records of INVENTORY LOCATOR SERVICE (hereinafter "ILS") through a federal subpoena for the purposes of Defendant's Motion to Dismiss for a lack of personal jurisdiction. The parties recognize that the documents requested may involve confidential, protected and otherwise sensitive information that are relevant to this action, and such information is to be used only for the purposes of this case and not otherwise disclosed. With respect to the production of documents by ILS, it is hereby:

**ORDERED** that disclosure of such documents produced by ILS marked or designated "CONFIDENTIAL" shall be made subject to the following procedures and restrictions:

1. This Protective Order shall apply to any originals and/or copies of the documents.

2. This Protective Order shall govern the parties to this case ("the Parties"), and counsel for all Parties and all their employees, including all secretaries, paralegals, or any other employee that may work on the above-captioned case (hereinafter jointly referred to as "counsel").

3. The documents and information disclosed to the respective Parties, and their counsel pursuant to this Order shall be used for the limited purpose of this litigation, and shall not be otherwise used, distributed, published, revealed or disclosed to anyone else for any other purpose, except as permitted by this Court, and provide further that each person, other than the Parties and counsel who are subject to this Order, who review any documents covered by this Order as part of this litigation shall sign a Non-Disclosure Agreement and Affidavit affirming that they have read and agreed to comply with this Order. (A copy of the Affidavit is attached hereto as Exhibit A). Each Affidavit shall be provided and maintained in the files of counsel for each party and copies of such affidavits shall be furnished upon request to counsel for the party that has declared a document to be confidential.  Counsel shall keep a log of each person (other than counsel and the parties who are already covered under this Order) who reviews any documents covered by this Order as part of this litigation and signs an Affidavit.

4.  Neither the Parties nor the Parties' counsel or representatives shall contact any of the individuals or entities reflected or identified in any customer lists provided under Paragraph 3 of this Order without first identifying to counsel for ILS each such individual or entity to be contacted, and obtaining from said counsel the express consent of ILS to each such contact, with counsel for ILS and Quicksilver agreeing upon any limitations upon the information regarding this lawsuit to be disclosed to that individual or entity during said contact.  In the event that ILS does not give such consent or the parties are unable to reach such agreement on such limitations, Quicksilver may apply for a court order authorizing such contact and/or defining such limitations.

Any contact with any person or entity identified in any documents provided under Paragraph 3 of this Order shall include disclosure of this Order's provisions regarding confidentiality and its limitations regarding republication.  Nothing in this Order forbids the Parties or their representatives from engaging in communications with any individuals or entities identified in such customer lists, in furtherance of business wholly unrelated to ILS or this lawsuit, so long as such communications do not mention ILS or this lawsuit.

5. The Parties, the Parties' counsel and their staffs shall not disclose, directly or indirectly, the documents or any of the information contained in the documents to other attorneys not of record in this litigation.

6. If it becomes necessary for any party to include a document subject to this Protective Order as an Exhibit to a deposition, a motion or other court paper, or as an Exhibit at trial or other hearing, the parties agree to make appropriate arrangements – if practical or unless otherwise agreed upon by the parties or by the individual whose identity would otherwise be revealed by disclosure – to preserve the confidentiality of said documents, including joining in a motion for the sealing of such documents or any testimony pertaining thereto.

7. At the conclusion of this litigation, inclusive of appeals, all documents subject to this Protective Order shall be returned to ILS accompanied by the executed Affidavit of Compliance and Delivery of Documents attached hereto as Exhibit B or destroyed upon agreement by ILS.

8. After termination of this litigation, inclusive of appeals, the provisions of this Order relating to the confidentiality of the protected documents and information shall continue to be binding, except with respect to any documents or information which may have become a matter of public record.  It is agreed that this Court retains jurisdiction over the parties for enforcement of the provisions of this Protective Order following final termination of this action.

9.  It is agreed that a violation by any person of any provision of this Protective Order may be punishable as contempt of court.  Further, it is agreed that the aggrieved party may pursue any civil remedies available to them for a breach of this Order.

10.  The Clerk shall file a copy of this Order in each of the three cases in the heading above.

DATED: November 20, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

EXHIBIT A

**PROTECTIVE ORDER - P. 6**

## NON-DISCLOSURE AGREEMENT AND AFFIDAVIT

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiant's full name and current address is: _____
_____.

2. I have received information and documents which are subject to a Protective Order in the above-captioned litigation.

3. Prior to receiving any said information and documents, I was provided with a copy of said Protective Order filed in this case, which I have read, agreed to and fully understand. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the above-named Court concerning the enforcement of the Order.

4. I agree and understand that I shall not provide access to said protected information and documents to others unless they also sign a Non-Disclosure Agreement and Affidavit. I further agree and understand that I shall not directly or indirectly disclose any information concerning the contents or existence of the protected information or documents to anyone unless they are specifically mentioned in or are a subject of such document. Such contact shall include disclosure of the Order regarding confidentiality and the limitations regarding republication. I agree and understand that the protected documents and information shall be used for the sole and limited purpose of the preparation for and the trial of this action, and shall not be used for any other reason.

**PROTECTIVE ORDER - P. 7**

5. I also agree to return to counsel of record for defendants no later than ten (10) days after notification of the termination of this litigation, inclusive of appeals, any and all documents, copies of documents, excerpts form documents and other information in my possession subject to said Protective Order. I further agree to execute an Affidavit of Compliance and Delivery of Documents, in the form annexed to the Protective Order as Exhibit B, no later than ten (10) days after notification of the termination of this litigation, inclusive of appeals.

FURTHER AFFIANT SAYETH NOT.

Dated this ____ day of _____, 2012.

_____
Signature

Sworn to before me this ____ day of _____, 2012, in _____ County, State of _____.

_____
Notary Public
My Commission Expires: _____

- 2 -

**PROTECTIVE ORDER - P. 8**

EXHIBIT B

**PROTECTIVE ORDER - P. 9**

## AFFIDAVIT OF COMPLIANCE
## AND DELIVERY OF DOCUMENTS

STATE OF _____ )
                               ) ss.
COUNTY OF _____ )

     1.     I have read, understood and am familiar with the terms of the Protective Order governing disclosure of certain documents and information in the above-captioned case. I faithfully have complied with the terms of said Protective Order and am unaware of any manner in which said Order has been violated by anyone else.

     2.     I have returned to counsel of record for the producing party any and all documents and copies thereof in my possession which are subject to said Protective Order. I understand and agree that after the termination of this litigation I have a continuing obligation not to reveal or otherwise communicate to any other person any information disclosed to me pursuant to the terms of said Protective Order.

**FURTHER AFFIANT SAYETH NOT.**

     Dated this \_\_\_\_ day of _____, 2012.

                                                _____
                                                      Signature

     Sworn to before me this _____ day of _____, 2012. In _____
_____ County, State of _____.

                                                _____
                                                Notary Public
                                                Commission Expires: _____