**LINK:** 153, 155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**        (In Chambers)

### ORDER RE: MOTION TO STRIKE EXPERT DESIGNATIONS & MOTION TO REVISE SCHEDULING ORDER

## I.
## INTRODUCTION

   This action arises out of a helicopter crash that occurred in Idaho on January 8, 2010. The helicopter pilot, his wife, and Quicksilver Air, Inc. ("Quicksilver"), the business that owns the helicopter, filed suit against Helicopter Engine Repair Overhaul Services, Inc. ("HEROS"), MPB Corporation, and Timken Alcor Aerospace Technologies Inc. (together, "MPB/Timken"), and Rolls Royce Corporation. (Docket No. 1 [Compl.].) All claims have been resolved against all defendants with the exception of those brought against HEROS.

   Plaintiffs' remaining claims are essentially this: HEROS performed maintenance work on the helicopter's compressor that failed due to a fracture of its No. 2 bearing and Plaintiffs contend this bearing fractured because a fastener, a spanner nut, was not properly "staked" during the maintenance work. (Compl. ¶¶ 5, 24, 30.) That the bearing fractured and caused the crash is beyond dispute; however why it fractured is the subject of intense debate causing the parties each to retain multiple expert witnesses. Earlier in this action MPB/Timken retained two experts regarding this central issue; to avoid duplication of effort and expense, HEROS relied on those experts whose opinions reflected its position regarding the cause of the fracture that led to the crash. Now that MPB/Timken has settled out, HEROS finds itself in a precarious position because HEROS had not expressly designated MPB/Timken's experts' under Rule 26. Without their testimony, HEROS' defense would be fatally incomplete.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

    HEROS now moves to revise the scheduling order so that it may designate and offer the testimony of the experts previously designated by its co-defendant. Plaintiffs counterattack and move to strike the expert designations of HEROS' witnesses: Claxton, Maxfield, Heros K. Kajberouni ("Kajberouni") and metallurgist Adam Haskins ("Haskins"). (Docket No. 153-3 [Plaintiffs' Mot. to Strike ("Plaintiffs' Mem.")] at 1-2.) Plaintiffs principally argue that HEROS' expert disclosures and reports insufficiently assert adequate facts and opinions. (Id.)

    As discussed in greater detail below, the Court concludes that Kajberouni's disclosure and the reports of Haskins, Claxton and Maxfield satisfy Rule 26(a)(2) and therefore **DENIES** Plaintiff's Motion to Strike. The Court also finds that HEROS has satisfied its burden of demonstrating good cause such that revising the scheduling order is appropriate. Therefore, HEROS' Motion to Revise the Scheduling Order is **GRANTED**; however, in light of potential prejudice resulting from Claxton and/or Maxfield's testimony, the Court also **CONTINUES** the discovery deadline for the following limited purposes: (1) to permit Plaintiffs' retention of rebuttal expert testimony rebutting Claxton and/or Maxfield's testimony; (2) to permit HEROS' deposition of any such rebutting experts; and (3) to permit Plaintiffs' deposition of Claxton and/or Maxfield. The new deadline is to be determined by the Parties consistent with the directions set forth below.

## II.
## BACKGROUND

    On January 8, 2010, a helicopter crashed in Idaho. (Compl. at 3, ¶ 1.) Plaintiffs filed suit against a number of defendants, all but one of which has settled out, HEROS. (See Compl.; Docket No. 163 [9/22/14 Order re: Good Faith Settlement].) The crash was caused by a bearing fracture. (Compl. at 7, ¶ 26.) The reason for the bearing fracture is the subject of this case: Plaintiffs contend it was HEROS fault, while HEROS contends they are not to blame. Both sides have retained experts to offer testimony regarding the possible causes of the bearing fracture.

    HEROS timely designated experts Kajberouni and Haskins on or before July 29, 2014, the expert designation deadline. (Docket No. 155-2 [Decl. of Eric A. Amador ("Amador Decl.")] ¶ 3.) Before their departure from this action, MPB/Timken retained Dr. Raymond J. Claxton ("Claxton"), a metallurgist expert, and David Maxfield ("Maxfield"), an engineering expert. (Docket No. 153-2 [Decl. of Michael J. Terhar ("Terhar Decl.")] at Ex. 4 [MPB/Timken Expert Disclosure] at 2.) HEROS asserts that they "had planned to rely at trial to a significant extent upon the opinions of Timken's Experts in explaining why the Bearing had failed." (Amador Decl. ¶ 6.) HEROS also contends that MPB/Timken had "expended over $100,000 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

fees to compensate the [e]xperts for their work, and HEROS could not have afforded to pay this amount." (Id. ¶ 3.)

HEROS first learned of fellow defendant MPB/Timken's intent to depart this suit on August 8, 2014, after the July 29, 2014 expert disclosure deadline. (Id. ¶ 3-4.) Over the course of the next few weeks, HEROS' counsel reached out to both MPB/Timken's counsel and Plaintiffs' counsel to request approval to use both Claxton and Maxfield as principal expert witnesses. (Id. ¶¶ 7-9.) Plaintiffs declined the request. (Id. ¶ 12.) Fast approaching the August 28, 2014 deadline for rebuttal expert disclosure, HEROS retained Claxton and Maxfield as rebuttal experts, and timely disclosed their rebuttal reports on August 28, 2014. (Id. ¶ 10). HEROS now urges the Court to revise the scheduling order so that HEROS may designate Claxton and Maxfield as principal expert witnesses as well as rebuttal experts. (Docket No. 155-1 [HEROS Mot. to Revise the Scheduling Order ("HEROS Mem.")] at 1.)

At the same time, Plaintiffs move to strike the expert designations of Claxton, Maxfield, Kajberouni and Haskins. (Docket No. 153-3 [Plaintiffs' Mem.] at 1-2.) Plaintiffs contend that Kajberouni is not qualified to testify as an expert and fails to allege the bases and facts for his opinion. (Plaintiffs' Mem. at 1.) Additionally, Plaintiffs contend that Haskins "did not offer any opinions . . . or explain the reasons for any opinions." (Id.) Plaintiffs also take issue with Claxton and Maxfield's rebuttal reports. They argue Claxton's rebuttal report "renders some opinions without stating the facts relied on and then repeats opinions that he rendered in his initial report when he was named as an expert witness . . . on behalf of Timken/MPB." (Id. at 1-2.) Furthermore, because Haskins is also a metallurgist, they argue that Claxton's testimony would be unnecessarily duplicative. (Docket No. 164 [Plaintiffs' Opp. to HEROS Mot. to Revise the Scheduling Order ("Plaintiffs' Opp.")] at 9.) Finally, they contend that though Maxfield's report is proper rebuttal, it should be limited to that and "HEROS should be precluded from using the initial report opinions rendered by Mr. Maxfield in his initial report . . . ." (Plaintiffs' Mem. at 2.)

## II.
## DISCUSSION

### A. LEGAL STANDARDS

#### 1. EXPERT DISCLOSURES AND REPORTS

Federal Rule of Civil Procedure 26(a)(2) requires the following from parties that wish to present expert witnesses:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) <u>Witnesses Who Must Provide a Written Report</u>. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(I) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) <u>Witnesses Who Do Not Provide a Written Report</u>. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
(I) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2). The policy behind the rules governing expert disclosures and reports "is to enable parties to obtain the fullest possible knowledge of the issues and the facts before trial, and the procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." <u>United States v. 50.34 Acres of Land, More or Less, in Village of East Hills, Nassau County, N.Y.</u>, 13 F.R.D. 19, 21 (E.D.N.Y. 1952); <u>see also</u> <u>Salgado ex rel. Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 741 n. 6 (7th Cir. 1998) (expert reports must be "detailed and complete"; a complete report must include the substance of the testimony which an expert is expected to give on direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

examination together with the reasons therefore) (citing Fed. R. Civ. P. 26, Advisory Comm. Note (1993)).

Witnesses that are not specially retained for litigation, and thus not required to provide an expert report, must still provide a disclosure. Fed. R. Civ. P. 26(a)(2)(c). These disclosures are "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 (Advisory Committee's Note (2010)). "An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." Cooke v. Town of Colorado City, CV 10-08105-PCT-JAT, 2013 WL 551508, *5 (D. Ariz. Feb. 13, 2013).

Failure to provide Rule 26(a) disclosures and reports results in the responsible party being barred from presenting the witness, unless it can be shown that the failure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); see also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (citing Torres v. City of L.A., 548 F.3d 1197, 1212–13 (9th Cir. 2008) (internal citations omitted)). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

### 2. SCHEDULING ORDER MODIFICATION

The Ninth Circuit provides district courts wide discretion to allow an untimely designation of an expert witness. Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998). Under Rule 16(b), a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of Rule 16(b)'s "good cause" standard is the consideration of the party seeking the amendment's diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Thus, a court may modify a scheduling order if a deadline "'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 Advisory Comm. Note (1983)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

**LINK:** 153, 155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

**B. APPLICATION**

    **1. MOTION TO STRIKE EXPERT DESIGNATIONS**

        *a. Kajberouni*[1]

Plaintiffs argue that striking the disclosure of Kajberouni is appropriate for three reasons. First, Plaintiff contends that the designation of Kajberouni should be struck because HEROS' disclosure statement "fails to include a summary of facts and opinion to which he is expected to testify in compliance with FRCP 26(a)(2)©. (Plaintiffs' Mem. at 8.) Specifically, Plaintiff contends that HEROS' designation only provides a statement of subjects on which Kajberouni will testify, and one opinion–that the bearing fracture was due to electrical arcing. (Id. at 10.) Second, Plaintiff claims that "the designation [impermissibly] proffers opinions on legal matters such as [that] the Defendant was not negligent by act or omission." (Id.) Third, Plaintiff finds fault with the designation's assertion that Kajberouni will testify regarding investigations performed by others, which is inadmissible as hearsay. (Id.)

As to Plaintiffs' first contention, the Court finds that the designation of Kajberouni and his proffered and forthcoming deposition testimony sufficiently provides Plaintiffs with his adverse opinion and provides the facts he relies on. The designation states: "he will be offering testimony regarding the cause of the subject aircraft engine failure and will opine that it resulted from electrical arcing, and not from any negligence, act or omission in the rebuilding of the subject compressor, or installation of the subject spanner nut." (Docket No. 153-14 at 2.) The designation also provides four specific areas of interest that Kajberouni may testify to, all of which relate to an opinion and analysis of the subject engine failure and the "spanner nut." (Id.) The disclosure statement also states that his opinion

> will be based on his own professional experience and his review of the facts discovered thus far in the case, including . . . the declarations of [P]laintiff's retained experts, photographs taken of the subject helicopter and engine, communications with Rolls Royce and McDonnell Douglas employees, the Allison/Rolls Royce Engine Maintenance and Overhaul Manual, Rolls Royce and NTSB reports, and the reports of retained and non-retained

---

[1] Plaintiff also attacks Kajberouni's expert disclosure for failing to describe his expertise and qualifications. (Plaintiffs' Mem. at 8.) However, this argument mirrors the argument made in their previously filed motion to strike. (See Docket No. 147 [MTS] at 8.) The Court denied that motion to strike and previously decided that Kajberouni is qualified to testify as an expert. (See Docket No. 166 [10/6/2014 Order].)

**LINK:** 153, 155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

experts in this action.

(Id.)  Thus, Kajberouni has in fact stated both opinions and facts on which he bases those opinions.  Here, there is ample information for Plaintiffs to "make an informed decision as to whether it is necessary to take a deposition."  Cooke, 2013 WL 551508, at *5.  Indeed, Plaintiffs have previously deposed Kajberouni twice and have already decided it is necessary to depose Kajberouni as an expert.  (See Docket No. 162 [HEROS Opp. to Mot. to Strike ("HEROS Opp.")] at 4 (arguing that Kajberouni's disclosure was sufficient, especially in light of the fact that Plaintiffs have deposed him twice previously, regarding jurisdiction and his summary judgment declaration, and are planning to depose him again as an expert).)  Demanding HEROS provide more information as to Kajberouni's testimony would be demanding a disclosure more akin to a detailed report required under FRCP 26(a)(2)(B) for retained experts, rather than the more lenient standard found under sub-section (C).  Thus, the Court finds that Kajberouni's disclosure, especially in light of surrounding circumstances, was sufficient.

Plaintiffs' second contention that Kajberouni's designation should be struck because it "proffers opinions on legal matters" is based on the following statement: "[Kajberouni] will be offering testimony regarding the cause of the subject aircraft engine failure, and will opine that it resulted from electrical arcing, and not from any negligence, act or omission in the rebuilding of the subject compressor, or installation of the subject spanner nut." (Plaintiffs' Mem. at Ex. 7 [HEROS' Expert Witness Disclosures] at 1-2.)  Read in context, this statement supports Kajberouni's expert opinion regarding the accident's cause, not, as Plaintiff's contend, the ultimate legal theory.

Finally, Plaintiffs' third argument that Kajberouni's testimony regarding investigations made by others is based on inadmissible hearsay is equally flawed.  Experts are permitted to "rely on otherwise inadmissible out-of-court statements as a basis for forming an expert opinion if they are of a kind that experts in the field normally rely upon."  Williams v. Illinois, 132 S. Ct. 2221, 2245-46 (2012).  Thus, as an expert, Kajberouni is entitled to rely on such hearsay.

Accordingly, because HEROS' disclosure of Kajberouni sufficiently satisfies FRCP 26(a)(2)©, Kajberouni does not espouse improper legal conclusions and he allowably relies on hearsay in forming his opinion, Plaintiffs' Motion to Strike as to Kajberouni's designation as an expert witness is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

### b. *Haskins*

#### I. Initial Report

Plaintiffs attack Haskins' initial report by asserting that no facts or opinions exist in the report. (Plaintiffs' Mem. at 11.) The Court's review of Haskins' report finds that this assertion is unfounded. For example, in discussing the Timken investigation Haskins states:

> [t]heir analysis of the stereomicroscopic and SEM features of these pitted regions led them to determine that electrical arcing was the cause. I agree with their analysis and my own analysis of the stereomicroscopic and SEM images that were submitted to me show the same features (predominantly the fine craters and spheroids) that are identified in the NTSB report.

(Docket No. 153-15 at 28.) Haskins relies on facts and asserts opinions throughout his report. Plaintiffs also contend that Haskin's report should be struck because Haskins agrees with Plaintiffs' expert at points. (Plaintiffs' Mem. at 11.) This concern is not grounds for revoking Haskins' designation. Rather, it seems likely that these aspects of the report will be carefully explored on cross-examination.

#### ii. Rebuttal Report

Plaintiffs' contention that Haskins' rebuttal report is insufficient fails for similar reasons. Here, Plaintiffs argue that Haskins fails to provide a rebutting opinion of his own in response to three opinions offered by Plaintiffs' expert. (Plaintiffs' Mem. at 12.) Plaintiffs claim that Haskins' statement that a conclusion made by Plaintiffs' expert "is not always true,"—which Haskins then supports by "explain[ing] theoretical other explanations,"—is not a sufficiently rebutting opinion because Haskins, in Plaintiffs' view, ultimately agrees with their expert. (Id.) It again appears that Plaintiffs have confused arguments regarding the admissibility of an expert's opinion with arguments regarding its weight. If Plaintiffs believe Haskins' expert opinion is insufficient, they will have the opportunity to challenge this in deposition or at trial. However striking Haskins' designation as an expert is not a solution available under the Federal Rules of Civil Procedure for this alleged defect.

Accordingly, Plaintiffs' Motion to Strike as to Haskins' designation as an expert witness is **DENIED**.

LINK: 153, 155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

### c. *Claxton and Maxfield*

Plaintiffs also urge the Court to strike or limit the expert designation of Claxton and Maxfield, in part, because they do not accurately speak directly to Plaintiffs' expert opinions as rebuttal opinions must do. (Plaintiffs' Mem. at 12, 15.) This argument becomes moot if the Court grants Defendant's Motion to Revise the Scheduling Order, permitting Defendant to designate Claxton and Maxfield as principle experts and submit their original expert reports. As explained below, the Court finds HEROS has demonstrated good cause for revising the scheduling order. Therefore, Plaintiffs' Motion to Strike Claxton and Maxfield is **DENIED** as mooted by the Court's order below.

### 2. HEROS' MOTION TO REVISE THE SCHEDULING ORDER

HEROS argues that good cause to revise the scheduling order is evident for the following reasons:

> (1) HEROS's compliance with the subject deadlines; (2) HEROS's lack of fault in creating the situation that has prompted [their] motion; (3) HEROS's diligence in seeking this relief; and (4) the manifest need for HEROS to present to the jury the highly probative causation evidence at issue; evidence that was prepared, at tremendous expense, by experts who had no incentive to support HEROS's case, making it that much more credible.

(HEROS Mem. at 9.) Essentially, HEROS urges the Court to revise the scheduling order to admit Claxton and Maxfield's expert reports because HEROS reasonably believed that the necessary experts who were timely retained by their co-defendant, MPB/Timken, would be available to aid HEROS' defense and did not learn otherwise until it was too late. (Id.)

Plaintiffs implore the Court to deny revision of the schedule for two reasons: (1) Claxton's testimony is duplicative because both he and Haskins are metallurgists; and (2) HEROS was not diligent because they failed to previously procure an engineering expert similar to Maxfield. (Plaintiffs' Opp. at 9.) However, HEROS cannot be faulted for a lack of diligence when they acted under the belief that both Claxton and Maxfield were already timely designated as experts for the Defendants, albeit by co-defendant MPB/Timken. Plaintiffs do not argue that HEROS knew or should have known they would not be able to rely on Claxton and Maxfield's testimony or reports before discovering MPB/Timken had settled out of the case. Similarly, Plaintiffs do not argue that HEROS became aware of MPB/Timken's intention to settle out at a date that would have allowed HEROS to timely retain and designate Claxton and Maxfield as

LINK: 153, 155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

principal experts.

As HEROS reasonably believed their defense would be consistent with and buttressed PB/Timken's experts' opinions and reports, it is reasonable that HEROS would not seek out other experts to provide duplicative testimony. It cannot be said that diligence requires a party to generate cumulative testimony on the off chance that a co-defendant will settle out of a case. HEROS additionally contends they relied on MPB/Timken's retention rather than retaining experts of their own because of the huge cost of the subject experts, which MPB/Timken has absorbed and HEROS could not have afforded. Thus, HEROS' choice to rely on MPB/Timken's retention of the subject experts was a calculated decision to efficiently optimize both use of the Court's time and HEROS' expenditure of its finite resources.

Plaintiffs have identified three areas of prejudice in their filings: (1) that they have not designated rebuttal experts for Claxton or Maxfield's testimony (See Plaintiffs' Opp. at 9); (2) they have not yet deposed Haskins or Kajberouni as an expert (Plaintiffs' Mem. at 18); and (3) Claxton's deposition would need to be more "extensive and expensive if all his opinions are permitted by the court" (Id.).

The first is readily resolved by extending Plaintiffs' opportunity to procure rebuttal testimony for Claxton and Maxfield. Indeed, Plaintiffs admit that they did not prepare rebuttal testimony to Claxton and Maxfield's testimony because they knew they would be settling with MPB/Timken. Id. It would be inequitable to allow Plaintiffs to claim burden resulting from Plaintiffs' own refusal to share information regarding the status of the case with HEROS. Correspondingly, however, it would be inequitable to allow HEROS to retain these experts without allowing Plaintiffs the opportunity to retain rebuttal experts. Thus, to allay Plaintiffs' concerns and remedy any potential prejudice, the Court will extend the discovery deadline solely for the purposes of Plaintiffs' to procure testimony rebutting Claxton and/or Maxfield's testimony, for HEROS to depose any such rebuttal experts, and for Plaintiffs to depose Claxton and/or Maxfield. The new deadline is to be determined by the Parties consistent with the directions set forth below.

The remaining two grounds for prejudice have not been caused by the Court's revision of the scheduling order, and thus, the Court declines to take action based thereon. Kajberouni was designated by HEROS in July 2014. Thus, that Plaintiffs have not deposed Haskins or deposed Kajberouni as an expert is solely the fault of the party, and not a consequence of the Court's decision. Indeed, Plaintiffs have twice before deposed Kajberouni, and elected not to depose him as an expert. Finally, that Claxton's testimony will necessitate devotion of more time and resources is again not prejudice inherently caused by the Court's revision of the scheduling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-446-GAF (CWx) | Date | October 16, 2014 |
|---|---|---|---|
| Title | Quicksilver Air Inc., et al. v. Helicopter Engine Repair Overhaul Services, et al. | | |

order. Indeed, the detail with which Claxton needs to be deposed has not changed since his timely designation by MPB/Timken in July 2014, when MPB/Timken were still in the suit. (Plaintiffs' Opp. at 3 ("Plaintiffs were in negotiations with Timken and MPB <u>after</u> the initial disclosures . . . .") (emphasis added).)

Thus, Defendant's Motion to Revise the Scheduling Order is **GRANTED** and the discovery deadline is **CONTINUED** solely regarding: (1) Plaintiffs' deposition of Claxton and/or Maxfield; (2) Plaintiffs' retention of rebuttal expert testimony rebutting Claxton and/or Maxfield's testimony; and (3) HEROS' deposition of any such rebutting experts.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike the expert designations of HEROS' experts is **DENIED**. HEROS' Motion to Revise the Scheduling Order is **GRANTED**; the discovery deadline is **CONTINUED** until a date agreed upon by the Parties solely regarding: (1) Plaintiffs' retention of rebuttal expert testimony rebutting Claxton and/or Maxfield's testimony; (2) HEROS' deposition of any such rebutting experts; and (3) Plaintiffs' deposition of Claxton and/or Maxfield. The parties are to meet, confer and prepare a joint statement setting forth a proposed date to continue such discovery deadline, and setting forth a proposed schedule leading to trial, no later than **November 3, 2014**. The joint statement should be filed no later than close of business on **November 10, 2014**. The hearing currently set for October 20, 2014 is hereby **VACATED**.

**IT IS SO ORDERED.**